IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CASE NO. 2:22-cr-109** |
| v. | : | |
| | : | **JUDGE WATSON** |
| **TOMAS HAILEMARIAM** | : | |
| | : | **EVIDENTIARY HEARING REQUESTED** |
| **Defendant.** | : | |

**MOTION TO SUPPRESS EVIDENCE OBTAINED
FROM THE SEARCH OF WHITE TOYOTA AVALON**

Now comes the Defendant, by and through the undersigned counsel, and respectfully moves this Honorable Court, pursuant to Federal Crim. R. 12(C), to suppress all items seized in from the warrantless search of his vehicle on the grounds that said evidence is the fruit of an unconstitutional search and seizure in violation of the rights guaranteed to Defendant by the Fourth and Fourteenth Amendments to the United States Constitution. Defendant further requests that an evidentiary hearing be conducted upon this Motion. A Memorandum in Support of this Motion is attached hereto and incorporated herein by reference.

Respectfully submitted,

/s/ Dustin M. Blake
Dustin M. Blake (0080560)
BLAKE LAW FIRM CO., LLC
492 S. High St., Suite 300
Columbus, Ohio 43215
(614) 705-2290 – Office
(614) 453-8564 – Fax
dblake@dustinblakelaw.com
Attorney for Defendant Tomas Hailemariam

**MEMORANDUM IN SUPPORT**

I.    **FACTS**

On December 29, 2021, officers were dispatched to 180 Poff Drive, Apartment C, Pataskala, Ohio 43062 on a report of a trespassing complaint.  Upon arrival, officers made contact with Tamia Perry who gave a statement regarding the situation. Ms. Perry informed officers that she had invited Defendant over to her apartment earlier in the day.  Ms. Perry also stated that Defendant was inside her apartment asleep and that she had not asked him to leave before calling the police. After making contact with Mrs. Perry, officers entered and searched the home without a search warrant.

As a result of that entry and search, officers allegedly located Defendant laying on a couch with a bag of white powder in his hand and a flat piece of paper with white powder in a dollar bill on the couch next to Defendant's chest. Officers then arrested Defendant. read Miranda Rights and escorted him outside. Once outside, officers search Defendant's person again and allegedly recovered a plastic bag with white powder in his right pocket.

Officers then re-entered 180 Poff Drive, Apartment C, Pataskala, Ohio 43062 and continued searching the apartment. In this search of Ms. Perry's apartment, officers collected two bags with suspected narcotics: one with suspected cocaine, pills and marijuana, and one with suspected cocaine. Defendant's cell phone was also recovered in this search. Officers asked Ms. Perry what she thought was in the plastic baggy and she said cocaine mixed with Percocet pills.

Ms. Perry also told officers that she believed Defendant had placed a gun and illegal drugs inside a white 2005 Toyota Avalon, License Plate Number FID3945, VIN No. 4T1BK36B35U033535 that has parked in a parking lot outside her apartment. Officers

located this vehicle and discovered it was registered to Lidiya Hailemariam. Officers then conducted a dog sniff outside the vehicle and allegedly received a positive alert. Officers took the keys to the vehicle from Defendant and moved it so it could be hooked up to a tow truck. The vehicle was then towed to the Pataskala Police Department at 623 Broadt St, Pataskala, Ohio.

A search warrant was later obtained for the vehicle. However, there was no mention in the search warrant of bags, containers, etc. mentioned in the search warrant to be searched.

## II. LAW AND ARGUMENT

### A. The warrantless search of Defendant's vehicle was an unconstitutional search and seizure in violation of the rights guaranteed to Defendant by the Fourth and Fourteenth Amendments to the United States Constitution.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, *and effects,* against unreasonable searches and seizures." (Emphasis added.)

"[S]earches conducted outside the judicial process, without prior approval by a judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 357 (1967) (footnotes omitted). Where a search is conducted without a warrant, the prosecution bears the heavy burden of proving the facts that justify the search under one of the recognized exceptions. *United States v. Jeffers*, 342 U.S. 48, 51 (1951).

Additionally, the United States Supreme Court has consistently held that evidence seized by law enforcement officers must be suppressed if it is the product of unconstitutional police conduct. *See, e.g., Wong Sun v. United States*, 371 U.S. 471

3

(1963); *Mapp v. Ohio*, 367 U.S. 643, 660 (1961); *Nordone v. United States*, 308 U.S. 338, 340-41 (1939).

Here, although police later obtained a search warrant for the vehicle in question, police initially unlawfully seized the vehicle by driving it and having it towed to the police station in an unreasonable fashion in this case. Officers did not have a search warrant at that time. Officers did not have consent or any other exception to the general warrant requirement. As such, law enforcement crossed the line and violated his Fourth Amendment rights. The government cannot meet their burden justifying the unlawful search and seizure of Defendant's vehicle. As such, any and all evidence obtained from that unlawful search and seizure must be suppressed.

**B. The search warrant affidavit lacked probable cause and officers exceeded the scope of the search warrant.**

When judging information provided by an informant as a foundation supporting probable cause for search warrant, the magistrate must consider the informant' veracity, reliability, and basis of knowledge. *Gates*, 462 U.S. at 230.

In *United States v. Higgins*, 557 F.3d 381, 390 (6th Cir. 2009), this Court concluded the police had not established the informant's reliability and, furthermore, the affidavit did not "assert that the informant had been inside [the defendant's] apartment, that he had ever seen drugs or other evidence inside [the defendant's] apartment, or that he had seen any evidence of a crime other than the one that occurred when [the defendant] allegedly sold him drugs." *Id.* at 390. "Without such an assertion," this Court concluded, "the affidavit fails to establish the necessary nexus between the place to be searched and the evidence sought." *Id.* (internal quotation marks omitted). The Court made that finding despite the fact the informant actually identified the defendant's residence as the site of a drug operation.

4

*Id.*

In this case, there is no reason within the four corners of the affidavit to show that the magistrate should have believed what the source had said. Accordingly, the source of information cannot be used to determine whether probable cause was present in the affidavit.

Furthermore, in the search warrant there was no request to search bags, containers, etc. within the vehicle. As such, any and all evidence obtained from that unlawful search and seizure must be suppressed.

### III. CONCLUSION

For the forgoing reasons, this Court should suppress all of the fruits flowing from the search of the white 2005 Toyota Avalon, License Plate Number FID3945. In addition, Defendant reserves the right to supplement this Motion as discovery is provided and following the evidentiary hearing.

                              Respectfully submitted,

                              /s/ Dustin M. Blake
                              Dustin M. Blake (0080560)
                              BLAKE LAW FIRM CO., LLC
                              492 S. High St., Suite 300
                              Columbus, Ohio 43215
                              (614) 705-2290 – Office
                              (614) 453-8564 – Fax
                              dblake@dustinblakelaw.com
                              Attorney for Defendant Tomas Hailemariam

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing was electronically served upon, S. Courter Shimeall, Assistant United States Attorney, United States Attorney's Office, 303 Marconi Blvd., Suite 200, Columbus, Ohio 43215, at courter.shimeall@usdoj.gov on this October 3, 2023

/s/ Dustin M. Blake
Dustin M. Blake (0080560)
