**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:22-cr-109** |
| | : | **JUDGE MICHAEL H. WATSON** |
| **v.** | : | |
| | : | |
| **TOMAS HAILEMARIAM,** | : | |
| | : | |
| **Defendant.** | : | |

## PRELIMINARY ORDER OF FORFEITURE

This matter is before the Court on the United States' Motion for a Preliminary Order of Forfeiture (Doc. 58). In support of its motion, the United States' asserts that:

On June 24, 2022, a Grand Jury in this District returned an Indictment (Doc. 18) charging Defendant Tomas Hailemariam with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D) (Count 1), Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2), and Prohibited Person in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 3); and

In accordance with Rule 32.2 of the Federal Rules of Criminal Procedure, the Indictment also contained forfeiture allegations, Forfeiture Allegations A and B, notifying Defendant Hailemariam that upon conviction of any of the offenses alleged in the Indictment, he shall forfeit to the United States:

A.     in accordance with 21 U.S.C. § 853(a)(1) and (2), all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of any offense in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D), and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation(s), and

B.    in accordance with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all firearms and ammunition involved in or used in any of the offenses alleged in the Indictment.

including, but not limited to, the following property (which is hereinafter collectively referred to as "the subject property"):

a)    A Girsan-manufactured, model Regard, 9mm, semi-automatic handgun, bearing Serial Number T6368-20A16323;

b)    A Ruger-manufactured, model SR9, 9mm, semi-automatic handgun, bearing Serial Number 330-61894;

c)    A Kimber-manufactured, model Custom II, .45 caliber, semi-automatic handgun, bearing Serial Number K287969;

d)    A Taurus-manufactured, model PT 738, .380 caliber, semi-automatic handgun, bearing Serial Number 20571F;

e)    A Smith & Wesson-manufactured, model M&P .380 Shield, .380 caliber, semi-automatic handgun, with an unknown Serial Number;

f)    A Smith & Wesson-manufactured, model M&P 15-22P, .22 caliber, semi-automatic firearm, bearing Serial Number WAK6917;

g)    A Smith & Wesson-manufactured, model Bodyguard, .380 caliber semi-automatic handgun, bearing Serial Number KDN7520;

h)    A Glock-manufactured, model 43X, 9mm, semi-automatic handgun, Serial Number BUEE466;

i)    A pistol magazine with ammunition from the Girsan Regard;

j)    A .45 caliber pistol magazine with ammunition from Kimber Custom II;

k)    Two pistol magazines with ammunition from Smith & Wesson firearm;

l)    A pistol magazine with ammunition from Glock 43X;

m)    An empty extended pistol magazine;

n)    A pistol magazine with ammunition from the Taurus .380;

o)    An empty pistol mag from a Smith & Wesson firearm;

p)    A Motorola MC382 cellular telephone, bearing Serial Number IMEI 356611282969470;

q)    A blue/black AT&T flip style cellular telephone, bearing Serial Number IMEI 864862048287310;

r)    A blue AT&T telephone, bearing Serial Number IMEI 866099020855644; and

s)    A blue Sprint Sanyo flip style cellular telephone, Model SCP-2400, bearing Serial Number FCC ID AEZSCP-24H.

On November 8, 2023, a Plea Agreement (Doc. 43) was filed in this case in which Defendant Hailemariam agreed to plead guilty to Counts 1 and 2 of the Indictment, charging him with Possession with Intent to Distribute Controlled Substances, in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(C), and (b)(1)(D) (Count 1), and Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 2).[1] Defendant Hailemariam also agreed to voluntarily surrender for immediate forfeiture to the United States all of his right, title, and interest in all property seized in this case, including, but not limited to, the subject property identified in Forfeiture Allegations A and B of the Indictment. He acknowledged that the subject property constitutes, or was derived from, proceeds obtained, directly or indirectly, as a result of the violation of 21 U.S.C. § 841 to which he has agreed to plead guilty, and/or is property that was involved in, used, or was intended to be used, in any manner or part, to commit, or to facilitate the commission of, the violations of 18 U.S.C. §§ 922 and 924 and/or 21 U.S.C. § 841 to which he has agreed to plead guilty, and is therefore subject to forfeiture to the United States in accordance with 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(a)(1) and (2). Defendant Hailemariam further agreed to the entry of any orders necessary to complete the forfeiture and disposal of the subject property; and

On November 8, 2023, Defendant Hailemariam, having consented to enter a guilty plea before a magistrate judge, appeared before Magistrate Judge Norah McCann King and entered guilty pleas to Counts 1 and 2 of the Indictment. (*See* Courtroom Minutes, Doc 49.) On the same date, a Report and Recommendation (Doc. 50) was filed in this case in which Magistrate Judge King found that Defendant Hailemariam. knowingly and voluntarily pleaded guilty to Counts 1 and 2 of the Indictment because he is in fact guilty of the offenses alleged therein; and

---

[1] In accordance with Paragraph 9 of the Plea Agreement, the United States agrees to the dismissal of the remaining counts of the Indictment at the entry of the final judgment in this case.

On November 28, 2023, this Court entered an Order (Doc. 52) accepting Defendant Hailemariam's pleas of guilty to Counts 1 and 2 of the Indictment and adopting the Report and Recommendation of Magistrate Judge King; and

Finally, the United States has notified the Court that the serial number for forfeiture item (e), the Smith & Wesson .380 caliber handgun, has been recovered. (*See* United States' Motion for a Preliminary Order, Doc 58.) The serial number for this firearm is NJE0180 and it will be included in the description of the firearm in this order.

Therefore, upon consideration of the United States' Motion, the record in this case, and the agreement of the parties, the Court finds that the requisite nexus exists between the subject property identified herein and the violations of 18 U.S.C. § 924(c)(1)(A)(i) and/or 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and (b)(1)(D) to which Defendant Tomas Hailemariam pleaded guilty, that this property is forfeitable under 18 U.S.C § 924(d)(1) and 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(a)(1) and (2), and that the United States is now entitled to possession of the subject property.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED:**

1.    That Defendant Tomas Hailemariam shall forfeit to the United States the subject property, that is:

a)    A Girsan-manufactured, model Regard, 9mm, semi-automatic handgun, bearing Serial Number T6368-20A16323;

b)    A Ruger-manufactured, model SR9, 9mm, semi-automatic handgun, bearing Serial Number 330-61894;

c)    A Kimber-manufactured, model Custom II, .45 caliber, semi-automatic handgun, bearing Serial Number K287969;

d)    A Taurus-manufactured, model PT 738, .380 caliber, semi-automatic handgun, bearing Serial Number 20571F;

e)    A Smith & Wesson-manufactured, model M&P .380 Shield, .380 caliber, semi-automatic handgun, bearing Serial Number NJE0180;

f)    A Smith & Wesson-manufactured, model M&P 15-22P, .22 caliber, semi-automatic firearm, bearing Serial Number WAK6917;

g)    A Smith & Wesson-manufactured, model Bodyguard, .380 caliber semi-automatic handgun, bearing Serial Number KDN7520;

4

| | |
|---|---|
| h) | A Glock-manufactured, model 43X, 9mm, semi-automatic handgun, Serial Number BUEE466; |
| i) | A pistol magazine with ammunition from the Girsan Regard; |
| j) | A .45 caliber pistol magazine with ammunition from Kimber Custom II; |
| k) | Two pistol magazines with ammunition from Smith & Wesson firearm; |
| l) | A pistol magazine with ammunition from Glock 43X; |
| m) | An empty extended pistol magazine; |
| n) | A pistol magazine with ammunition from the Taurus .380; |
| o) | An empty pistol mag from a Smith & Wesson firearm; |
| p) | A Motorola MC382 cellular telephone, bearing Serial Number IMEI 356611282969470; |
| q) | A blue/black AT&T flip style cellular telephone, bearing Serial Number IMEI 864862048287310; |
| r) | A blue AT&T telephone, bearing Serial Number IMEI 866099020855644; and |
| s) | A blue Sprint Sanyo flip style cellular telephone, Model SCP-2400, bearing Serial Number FCC ID AEZSCP-24H. |

2.      That the designated agent with the Federal Bureau of Investigation and/or the United States Marshals Service shall immediately seize the subject property and hold same in its secure custody and control.

3.      That the United States is authorized to conduct any discovery proper in identifying, locating, or disposing of the subject property in accordance with Fed. R. Crim. P. 32.2(b)(3).

4.      That, in accordance with 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(6), the United States shall publish notice of this Order and of its intent to dispose of the subject property in such manner as the Attorney General may direct. The United States shall also provide written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

5.      That pursuant to Fed. R. Crim. P. 32.2(b)(4), this Preliminary Order of Forfeiture shall become final as to Defendant Tomas Hailemariam at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, the United

States may, as provided by Fed. R. Crim. P. 32.2(c)(2), notify the Court that this Order shall become the Final Order of Forfeiture.

6.     That following the Court's disposition of all petitions filed in accordance with 21 U.S.C. § 853(n), or, if no such petitions are filed, following the expiration of the period for the filing of such petitions, the United States shall have clear title to the subject property.

7.     That the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**ORDERED** this 2d day of January, 2024.

HONORABLE MICHAEL H. WATSON
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

KENNETH L. PARKER
United States Attorney

s/S. Courter Shimeall
S. COURTER SHIMEALL (0090514)
ELIZABETH A. GERAGHTY (0072275)
Assistant United States Attorneys